■ HELEN CONNELL, Respondent-Appellant, v ST. MARY'S HOSPITAL OF TROY, Appellant-Respondent, and AETNA LIFE INSURANCE COMPANY, Respondent.—Cross-appeals from an order of the Supreme Court at Special Term, entered August 11, 1976 in Rensselaer County, which granted a motion by

defendant Aetna Life Insurance Company for summary judgment dismissing the complaint and denied a motion by defendant St. Mary's Hospital of Troy for summary judgment dismissing the complaint. In the action, plaintiff, an employee of the defendant St. Mary's Hospital, seeks a judgment declaring that she is entitled to benefits under a group disability policy issued by the defendant Aetna Life Insurance Company, under which the hospital is a participating employer. In the alternative, plaintiff seeks damages from the defendant hospital for breach of an oral agreement by the hospital to continue coverage under the disability policy. It is not disputed that the disability policy in question covered only certain specified managerial and supervisory employees of the hospital, of which plaintiff was one until March 19, 1973, and that on that date she was transferred to a new position which did not fall within the job description selected by the hospital for coverage under the policy. Plaintiff incurred a disability in June, 1973, and her application for benefits was denied by the Aetna on the ground that she was not employed in a position entitled to coverage under the policy. We conclude on the record before us that Special Term properly granted summary judgment dismissing the complaint as to the defendant Aetna, and that the denial of the same relief to the defendant hospital was also proper. Plaintiff has submitted no evidence to controvert Aetna's contention that her new position was not one of the positions covered by the terms of the disability policy. Thus, the plain language of the insurance contract dictated that plaintiff was no longer entitled to benefits when she assumed the new position. As to the defendant hospital, however, the examinations before trial reveal testimony by the plaintiff and on behalf of the hospital as well, that plaintiff was assured that her compensation would remain unchanged in her new position, and that plaintiff was never informed by the hospital that she would no longer be covered by the group policy as a result of her changing positions. In our view, this testimony is sufficient to raise a triable factual issue as to whether the hospital agreed to provide plaintiff with the same compensation, including the same salary and other fringe benefits such as coverage under the disability policy, in return for her services in the new position. Order affirmed, without costs. Koreman, P. J., Sweeney and Main, JJ., concur; Greenblott and Herlihy, JJ., dissent and vote to reverse in the following memorandum by Greenblott, J. Greenblott, J. (dissenting). We respectfully dissent, for we are of the view that matters raised in the pleadings and in the examinations before trial indicate the existence of questions of fact as to the liability of defendant Aetna which cannot be resolved on a motion for summary judgment. Both the court at Special Term and the majority here have concluded that plaintiff's new position of in-service instructor, to which she was transferred as of March, 1973, was not a covered position. The majority also holds that "the plain language of the insurance contract dictated that plaintiff was no longer entitled to benefits when she assumed the new position". The latter conclusion, in our view, has no support in the language of the policy, and the finding that the position of in-service instructor was not a covered position we believe to be an impermissible exercise of fact-finding power in the light of evidence in the record to the contrary. We deal first with the conclusion that the language of the policy precluded coverage of plaintiff in her new position. The policy in question is a group insurance policy. "The classes of employees of Participant Employers eligible for insurance under this policy are *executive* and *supervisory employees; provided, however, that any employee shall not be eligible if [he or she is a temporary employee, part-time employee, or an employee who has attained a specified age]*" (emphasis added). It is not

contended that plaintiff fell within any of these exclusions. The only other restriction specifically imposed by express terms of the policy was based upon the earnings of employees, and it is not disputed that plaintiff's earnings both before and after her transfer were above the required minimum for eligibility. There is nothing in the policy which directly or indirectly defines or delimits the phrase "executive and supervisory employees". During examinations before trial, one McLoughlin, the assistant administrator of the hospital in charge of personnel, testified that the classification of executive and supervisory employees who would be eligible for coverage was made administratively by the hospital, and from the facts elicited in the course of his examination, a trier of facts would, we feel, be permitted to determine that the defendant insurance company had no control as to what types of positions might be classified by the hospital as executive or supervisory. McLoughlin specifically testified that there was nothing in writing defining the executive group of covered employees and that when monthly reports were sent to the insurer with premium payments, the number of employees reported as covered was indicated but the names of the particular individuals were not included. Certainly, we find nothing in the policy itself requiring the conclusion that the position of in-service instructor was ineligible. We turn now to the conclusion of the court at Special Term and the majority here that plaintiff's new position did not fall within the job description selected *by the hospital* for coverage. In reaching this conclusion the majority appears to have assumed that some formal action would have been required by which notice was given by the hospital and accepted by the insurer. There is no evidence at this stage of the proceedings which supports this view, and, in fact, the tenor of all the evidentiary matter submitted to date suggests that the carrier neither would nor could reject any designation of a particular group by the hospital so long as the employees therein met the criteria as to age, salary, and full-time employment to which we have previously referred. Thus, we feel it is an open question of fact as to whether or not such a designation could have been effectuated informally or by implication by means of payment of premiums for a particular group of individuals and their inclusion upon such records as were kept by the hospital. What basis therefore exists, for concluding that the position of in-service instructor was not covered? While this position was not a new title, the testimony of Roach, the administrator of the hospital, indicates that during all periods during which the policy was in effect, there were only two other in-service instructors. One was part-time, and therefore ineligible under the express language of the policy, and the other also fulfilled the duties of an assistant department head and therefore was covered under one of the other designations. Therefore, there is nothing to suggest that prior to plaintiff's transfer a conscious decision had been made to exclude from coverage full-time in-service instructors who were earning $10,000 or more. Furthermore, we do not feel it can be said that a person whose function is to instruct other personnel cannot arguably be included within the class of supervisory employees. We are therefore of the view that simply upon the evidentiary matter submitted to date, a trier of fact would be entitled to draw the conclusion that by continuing the payment of premiums for plaintiff, and the inclusion of her name on a list of covered employees dated June 12, 1973—almost three months after her change in job title—the hospital had at least by implication made a designation of full-time in-service instructors earning $10,000 as covered employees, by which designation the insurer was bound. While it is not of course the function of this court to make such a finding, it is equally inappropriate for

the majority to conclude to the contrary on a motion for summary judgment. We also note in passing that the grant of summary judgment in favor of defendant insurer in this particular case in conjunction with the denial of summary judgment against the defendant hospital, where the determination of liability is dependent upon factual matters which are common to both defendants, is inappropriate. We, therefore, vote to reverse so much of the judgment and order as granted summary judgment in favor of the defendant Aetna.